UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RONALD BIRDSONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 5:12-CV-23-JMH |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| GARY BECKSTROM, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 31, 2012, Petitioner Ronald Birdsong filed a pro se petition for a writ of habeas corpus. (D.E. 1). Petitioner, who is a state prisoner incarcerated at the Eastern Kentucky Correctional Facility, also filed an application to proceed without prepayment of fees. (D.E. 2). Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees." 28 U.S.C. § 1915(a)(1). In order for a prisoner to gain such authorization, he must submit an affidavit that includes the following information: (1) a statement of all assets; (2) a statement averring inability to pay fees; (3) the nature of the action; and (4) a statement of belief regarding entitlement to redress. *See id.*; Rules Governing Section 2254 Cases, Rule 3(a). Additionally, an inmate must submit a certified statement from the appropriate prison official showing the amount of money or securities held in any institutional account for that inmate. *See* Rule 3(a). Although a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those who have adequate money to pay the filing fee. *See, e.g.*, *Glodjo v. Wilson*, 111 F.3d 131 (table), 1997 WL 188542 (6th Cir. Apr. 16, 1997).

In this case, Petitioner has filed a trust fund statement which indicates that in the last six months, $693.25 have been deposited into his inmate account. (D.E. 3). Petitioner does not identify any living expenses or dependents that he is required to support. Under these circumstances, Petitioner clearly has the ability to pay the $5 fee for filing a petition for writ of habeas corpus. 28 U.S.C. § 1914(a). Although the trust fund statement does not indicate how much money Petitioner currently has at his disposal, he has not submitted any information calling into question his ability to pay this fee.

Therefore, it is **RECOMMENDED** that the District Court **DENY** Petitioner's application to proceed without prepayment of fees (D.E. 2) and require Petitioner to submit the $5 filing fee to the Clerk of the Court by no later than 30 days after the entry of the Court's Order. The Court should advise Petitioner that the failure to pay the fee in accordance with the Court's order will result in dismissal of the action and that the action will not be reinstated to the Court's active docket despite the subsequent payment of the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3rd day of February, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

3