UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| RONALD BIRDSONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Case No. |
| v. | ) | 12-cv-23-JMH |
| | ) | |
| GARY BECKSTROM, Warden, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge Hanly A. Ingram [Record No. 22]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner Chestnut's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 15]. Following an initial review of the petition, the Court ordered Respondent to respond, which he did by way of a Motion to Dismiss [Record No. 17]. Petitioner filed a timely response to that Motion to Dismiss [Record No. 20], and no reply was filed. In his Recommended Disposition, the Magistrate Judge concludes that Petitioner has not exhausted his state remedies as required prior to filing a federal petition for a writ of habeas corpus and that, in any event, Petitioner is not entitled to the credit for time spent on parole which he believes he is due because a felony conviction based on conduct committed while

on parole eliminates the possibility of "street credit" even if a parolee was originally returned to custody for technical violations. *See* 28 U.S.C. § 2254(b); *Hill v. Thompson*, 297 S.W.3d 892 (Ky. Ct. App. 2009).

The Magistrate Judge filed his Recommended Disposition on October 25, 2013, advising Birdsong that particularized objections to same were due within fourteen days of the date of service of the Recommended Disposition or further appeal would be waived. That time has now expired, and Birdsong has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Recommended Disposition as its own.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that the Recommended Disposition of Magistrate Judge Hanly A. Ingram [Record No. 22] is **ACCEPTED** and **ADOPTED**;

(2) that Birdsong's Petition for a Writ of Habeas Corpus [Record No. 15] is **DISMISSED WITH PREJUDICE;**

(3) that no certificate of appealability will issue.

This the 26th day of November, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge